**THE UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS
(WORCESTER DIVISION)

| | |
|---|---|
| In re:  ERIC J. SARAO<br>Debtor, | Chapter 7 Case<br>Case No: 08-44100<br>Judge Joel B. Rosenthal |

## COMPLAINT FOR NON-DISCHARGEABILITY OF ERIC SARAO

### Parties

1. Plaintiff, Merrill Lynch Commercial Finance Corp. ("MLCFC"), is a corporation with a principal place of business located in Chicago, Illinois.

2. Defendant, Eric Sarao ("Sarao"), is an individual residing at 45 Shawsheen Road, Unit 12, Bedford, Massachusetts.

### Jurisdiction

3. Sarao filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., on December 17, 2009.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 151, 157 and 1334.

### Common Facts

5. On or about November 25, 2003, MLCFC and Roads Corporation ("Roads") entered into a WCMA Loan and Security Agreement ("Loan Agreement"). Pursuant to the Loan Agreement, MLCFC provided to Roads a commercial line of credit in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000). The Loan Agreement

       provided that Roads pledged to MLCFC its equipment and other assets as security for the loan (subject only to permitted liens).

6. At the time the Loan Agreement was entered into, Sarao was a shareholder and the treasurer of Roads. In addition, Sarao was also a member of Roads Connecticut LLC ("Roads CT") and an officer of Roads Equipment Leasing Corporation ("RELC").

7. To induce MLCFC to enter into the Loan Agreement and extend credit to Roads, Sarao, in his individual capacity, executed an Unconditional Guaranty with MLCFC, dated November 25, 2003, unconditionally guaranteeing, *inter alia*, the prompt and full payment when due of all sums due from Roads to MLBFS under the Loan Agreement. A true and accurate copy of the Unconditional Guaranty is attached as **Exhibit A.**

8. Sarao has acknowledged that he was indebted to MLCFC based on the Unconditional Guaranty.

9. Roads CT and RELC also entered into Unconditional Guarantees as well as Security Agreements with MLCFC relative to the Loan Agreement.

10. John F. Sarao, Jr., who at the time the Loan Agreement was entered into was a shareholder and the president of Roads, has represented that he executed the loan documents on behalf of the guarantors, including Sarao, without their knowledge or consent.

11. Sarao knew or should have known that the loan documents relating to the Loan Agreement, including the Unconditional Guaranties and Security Agreements of the guarantors, were forged and/or not authorized.

12. Roads was in default on the Loan Agreement as of December 31, 2004.

13. On August 12, 2005, MLCFC sent a Demand Notice to Roads; Sarao, as guarantor, received a copy of the Demand Notice. A copy of the Demand Notice is attached as **Exhibit B.** The Demand Notice required Roads to provide certain financial documentation to MLCFC as provided for in the Loan Agreement by August 24, 2005.

14. Roads failed to provide MLCFC with the requested financial documentation and on August 25, 2005, MLCFC sent to Roads and the guarantors, including Sarao, a Notice of Default and Demand for Payment ("Notice of Default"). A copy of the Notice of Default is attached as **Exhibit C**.

15. The Notice of Default advised, *inter alia*, that the indebtedness under the Loan Agreement was immediately due and payable.

16. On October 24, 2005, MLCFC sent to Roads and the guarantors, including Sarao, a letter entitled, "Notice of Non-Renewal and Amendment to WCMA Loan and Security Agreement ("Notice of Non-Renewal"). A copy of the Notice of Non-Renewal is attached as **Exhibit D.** The Notice of Non-Renewal, executed by Sarao and the other obligors, extended payment terms to Roads and the guarantors, i.e., modifying the prior demand for immediate payment.

17. The periodic payments (i.e., principal paydowns) and requirement that the loan be paid in full as of January 31, 2006 as specified in the Notice of Non-Renewal were not complied with by Roads and or the guarantors.

18. In March and/or April, 2006, Sarao made representations to MLCFC that Roads would make a payment of $500,000 (which was to be paid from the proceeds of a real estate refinancing) by May 15, 2006 and a payment of $125,000 by June 1, 2006. In reliance on

3

these representations, MLCFC refrained from taking any further actions, including the selling of collateral or commencement of legal proceedings.

19. On May 11, 2006, Sarao made further representations to MLCFC that it was currently working on 15 to 20 projects and would provide MLCFC with a schedule for making monthly payments to reduce the balance.

20. Roads did not make the $500,000 payment by May 15, 2006 or the $125,000 payment by June 1, 2006 (or any other payments to MLCFC).

21. As a result of the balance remaining outstanding, on June 20, 2006, MLCFC made further demand on Roads and the guarantors to make payment in full and then commenced suit against Sarao, Roads and the other guarantors in Suffolk (Mass.) Superior Court, in *Merrill Lynch Commercial Finance Corp. v. Roads Corporation, et al.*, Civil Action No. 06-2929 (the "Roads Case").

22. Sarao failed to answer or otherwise respond to the Verified Complaint and Separate and Final Judgment for Plaintiff by Default entered as to Sarao on November 1, 2007 in the amount of $7,569,747.74. Separate and Final Judgment has also entered against Roads, RELC, Roads CT, and John F. Sarao, Jr. A copy of the Separate and Final Judgment against Sarao is attached as **Exhibit E.**

23. MLCFC has recovered a portion of the Judgment, however, as of the date Sarao filed his chapter 11 petition, the amount outstanding on the Judgment exceeded $7,000,000 (the "Debt").

24. MLCFC is listed as an Unsecured Creditor on Sarao's Schedule of Creditors.

25. As of November, 2005, Roads had defaulted on the projects which were bonded by United States Fidelity & Guaranty Company ("USF&G") and USF&G had established a

       control account into which all of the funds from its bonded projects were deposited to be used for the sole purpose of completing the bonded projects.

26. As of March, 2006, Roads had defaulted on the projects which were bonded by XL Specialty Insurance Company ("XL") and XL had established a control account into which all of the funds from its bonded projects were deposited to be used for the completion of the projects.

27. Roads did not make any payments to MLCFC after April 26, 2006 (an interest only payment of $55,189.50).

28. Despite MLCFC's security interest in all of Roads, RELC's and Roads CT's equipment and assets, Roads, RELC and/or Roads CT made, at a minimum, **the following sales totaling $416,760.00 without notifying or obtaining approval from MLCFC or providing the proceeds from the sales to MLCFC:**

   a. 12/12/05:   Chevrolet Blazer to Joseph Crowley ($100);
   b. 1/16/06:    Used forms to P & G Concrete Foundations ($5,000);
   c. 2/3/06:     Ford Truck to Mehdi Arya ($2,000);
   d. 2/28/06:    Welder to Peter Hardy ($50.00);
   e. 3/1/06:     Unknown equipment to Kris Sullivan ($500);
   f. 3/2/06:     Storage box to Earth Solutions ($1,450);
   g. 3/7/06:     Unknown equipment to Joseph Equipment Co. ($13,250);
   h. 3/15/06:    6 Excavators to C.N. Wood ($258,000);
   i. 3/16/06:    Computer to Medcomp Claims Services ($50);
   j. 3/18/06:    Unknown sale to SPS New England, Inc. ($13,500);
   k. 3/19/06:    Unknown equipment to P.G. Dougherty Excavating Co. ($900);
   l. 3/21/06:    Unknown sale to Joseph Equipment Co. ($1,200);
   m. 3/24/06:    Ford E-350 Van to Minuteman Power Sweeping ($6,000);
   n. 3/25/06:    Unknown sale to Maan Sino ($1,450);
   o. 3/31/06:    Elgin Sweeper to Minuteman Power Sweeping ($22,000);
   p. 3/21/06:    Unknown sale to Joe's Mobile Equipment Repair ($600);
   q. 4/23/06:    Unknown sale to Joe's Mobile Equipment Repair ($400);
   r. 4/27/06:    Office supplies to Joseph Equipment Co. ($500);
   s. 4/27/06:    Unknown sale to Gioioso Bros., Inc. ($5,000);
   t. 5/3/06:     Car to Ihor Raniuk ($5,000);
   u. 5/7/06:     Equipment to Norman Lawler/Cambridge Equipment ($31,800);
   v. 5/3/06:     2 Ford F-350 Trucks (unknown buyer ($3,100);

5

    w. 5/5/06:    Unknown sale to Les Laughlin ($4,500);
    x. 5/9/06:    "30 Trucks" to B & H auto Sales Corp. ($27,000);
    y. 5/18/06:    Tool box to Crystal Filadoro ($50.00);
    z. 5/22/06:    Unkonwn sale to David McLaughlin ($1,960);
    aa. 5/31/06:    Jeep to Chelmsford Auto Sales ($9,000);
    bb. 5/31/06:    Tank to Norman Lawler/Cambridge Equipment ($2,300);
    cc. 6/9/06:    Chevy Truck to Mark Sarao ($100).

## COUNT I
### (Non-dischargeability—11 U.S.C. § 523(a)(2)(A))

29. Merrill repeats and re-alleges Paragraphs 1 through 28, inclusive, and by reference incorporates them herein and makes them a part of this claim.

30. The Debt is a debt for money or an extension, renewal or refinancing of credit obtained by false pretenses, a false representation, or actual fraud.

31. Sarao knew or should have known of the forged loan documents.

32. Sarao had a duty to notify MLCFC of the forged loan documents either at the time they were executed or thereafter.

33. Sarao failed to so notify MLCFC and MLCFC relied on the loan documents in extending credit to Roads.

34. Sarao also knew or should have known that the Notice of Non-Renewal contained forged signatures yet failed to notify MLCFC.

35. Sarao misled MLCFC and, as a result, MLCFC gave money and/or extended credit to Roads for the benefit of the guarantors, including Sarao, and has sustained damages as a direct result.

36. The Debt to MLCFC is non-dischargeable pursuant to Section 523(a)(2)(B).

6

## COUNT II
### (Non-dischargeability—11 U.S.C. § 523(a)(2)(A))

37. Merrill repeats and re-alleges Paragraphs 1 through 36, inclusive, and by reference incorporates them herein and makes them a part of this claim.

38. The Debt is a debt for property obtained by false pretenses or actual fraud.

39. The equipment and assets sold by Roads, RELC and/or Roads CT was pledged as collateral to MLCFC and MLCFC had a security interest in the equipment and assets.

40. By selling the encumbered equipment and assets and misappropriating the proceeds from the sale, Sarao wrongfully obtained MLCFC's property.

41. The Debt to MLCFC is non-dischargeable pursuant to Section 523(a)(2)(A).

## COUNT III
### (Non-dischargeability—11 U.S.C. § 523(a)(2)(B))

42. Merrill repeats and re-alleges Paragraphs 1 through 36, inclusive, and by reference incorporates them herein and makes them a part of this claim.

43. The Debt is a debt for money or an extension of credit obtained by a statement in writing that is materially false, respecting the debtor's financial condition, on which MLCFC reasonably relied, and was made with the intent to deceive MLCFC.

44. As a result, MLCFC gave money and/or extended credit to Roads for the benefit of the guarantors, including Sarao, and has sustained damages as a direct result.

45. The Debt to MLCFC is non-dischargeable pursuant to Section 523(a)(2)(B).

## COUNT IV
### (Non-dischargeability—11 U.S.C. § 523(a)(6))

46. Merrill repeats and re-alleges Paragraphs 1 through 45, inclusive, and by reference incorporates them herein and makes them a part of this claim.

47. Sarao through his actions and/or inactions willfully and maliciously injured MLCFC.

7

48. The Debt to MLCFC is non-dischargeable pursuant to Section 523(a)(6).

## PRAYERS FOR RELIEF

WHEREFORE, MLCFC respectfully requests that this court:

a. Enter Judgment pursuant to 11 U.S.C. §523(a)(2)(B) declaring Sarao's Debt to MLCFC non-dischargeable;

b. Enter Judgment Pursuant to 11 U.S.C. §523(a)(6) declaring Sarao's Debt to MLCFC non-dischargeable;

c. Enter Judgment pursuant to 11 U.S.C. §727(a)(2)(A) and/or §727(a)(4)(A) declaring that Mr. Sarao's discharge is denied; and

d. Grant MLCFC such other and further relief to which MLCFC may be justly entitled.

Respectfully submitted,

**MERRILL LYNCH COMMERCIAL FINANCE CORP.**

By its attorney,

/s/ Jeffrey A. Novins_____
Jeffrey A. Novins, BBO#: 557710
FITZHUGH & MARIANI
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

Dated: March 23, 2009

CERTIFICATE OF SERVICE

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 23, 2009.

    Nina M. Parker, Esq.
    Parker & Associates
    10 Converse Place
    Winchester, MA  01890
    Telephone: 781-729-0005

    Joseph Baldiga
    Mirick, O'Connell, De Mallie Lougee
    100 Front Street
    Worcester, MA 01608
    Telephone: 508-791-8500

    Alan N. Kaplan, Esq.
    84 Berkshire Road
    Newton, MA  02460
    Telephone: 617-332-9122

    Eric J. Sarao
    45 Shawsheen Road #12
    Bedford, MA 01730

                                               /s/ Jeffrey A. Novins
                                               Jeffrey A. Novins, Esq.