# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:** <br><br> **ERIC J. SARAO,** <br><br> **Debtor.** | **Chapter 7** <br> **Case No. 08-44100-MSH** |

## ATTORNEY'S AFFIDAVIT

COMMONWEALTH OF MASSACHUSETTS)
                                          ) ss.:
COUNTY OF WORCESTER           )

Joseph H. Baldiga, being duly sworn, deposes and says:

1.     I am an attorney at law admitted to practice in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts. I am a partner in the law firm of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), which firm is located at 100 Front Street, Worcester, Massachusetts 01608-1477.

2.     This affidavit is submitted in connection with the Application (the "Application") for Authority to Employ Mirick, O'Connell, DeMallie & Lougee, LLP as Counsel to the Chapter 7 trustee (the "Trustee").

3.     Neither I, the firm of MODL, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to that of the estate in the matters upon which said law firm is to be engaged. Thus, I believe the firm of MODL to be a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

4. Other than as stated in ¶3, above, my, and my firm's, connections with the Debtors, creditors, or other parties-in-interest, their respective attorneys and accountants are, to the best of my knowledge, as follows:

A. ~~I am the Chapter 7 Trustee in this bankruptcy proceeding;~~

B. Merrill Lynch Business Financial Services is listed on the Debtor's Schedule F as a creditor holding a contingent, unliquidated, disputed, unsecured non-priority claim in the approximate amount, according to the Debtor's schedules, of $7,569,747.74 (the "Merrill Lynch Claim"). The Merrill Lynch Claim is the only claim against the Debtor listed on the Debtor's schedules. Jeffrey A. Novins, Esq. of Fitzhugh & Mariani, LLP has filed a notice of appearance in this proceeding on behalf of Merrill Lynch Commercial Financial Corporation (together with Merrill Lynch Business Financial Services; "Merrill Lynch"). Merrill Lynch is owned by Bank of America which is a client of MODL. Neither MODL nor the Trustee have represented Merrill Lynch, Bank of America or anyone related to the Debtor's proceeding in any manner.

C. Other creditors of the Debtor may be vendors used by MODL in the past, or on occasion, in matters unrelated to the Debtor; and

D. MODL may represent various creditors of the Debtor (and may represent other parties-in-interest) in matters unrelated to the Debtor, but has not identified any current representation of any party-in-interest in this case other than as set forth above.

5. MODL does not and, while employed by the Trustee, will not represent any other entity having an adverse interest in connection with this proceeding.

6. I have not agreed to share with any person the compensation to be paid for the services rendered in this case, other than among the members and employees of MODL.

7. The rates charged by MODL for services rendered in cases pending before the Bankruptcy Court are the same as MODL's rates for services rendered in non-bankruptcy matters.

8. The rates currently charged for those Partners, Associates, and Paralegals who are presently anticipated to perform, or who may perform, services in the above-captioned case are as follows:

| Name | Position | Hourly Rate |
| --- | --- | --- |
| Joseph H. Baldiga | Partner | $365 |
| Paul W. Carey | Partner | $345 |
| Christine E. Devine | Partner | $345 |
| Gina M. Barbieri | Associate | $225 |
| Laura A. Keeler | Paralegal | $170 |
| Kimberly M. DelleChiaie | Paralegal | $170 |

Said rates are subject to change in the ordinary course of MODL's billing practices.

9. MODL has not received a retainer in this case.

10. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

11. I have reviewed the provisions of MLBR 2016-1.

12. I have read the Application which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 26, 2010

_____
Joseph H. Baldiga, Esq.

{Practice Areas\CORP\15008\14154\A1612766.DOC}    3