**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 08-44100-MSH |
| ERIC J. SARAO | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**MEMORANDUM OF DECISION ON TRUSTEE'S APPLICATION FOR AUTHORITY**
**TO EMPLOY SPECIAL COUNSEL**

Before me is the application of Chapter 7 trustee Joseph H. Baldiga under Bankruptcy

Code § 327(c), 11 U.S.C. § 327(c), to employee Jeffrey A. Novins and the law firm of Fitzhugh &

Mariani LLP ("F&M") as special counsel to represent him in prosecuting a pending adversary

proceeding against Joseph P. Sarao, the debtor's father.   To avoid confusion Joseph P. Sarao will

hereinafter be referred to as "Joseph."   The trustee seeks to avoid and recover certain prepetition

transfers by the debtor in this case to Joseph and to disallow Joseph's claim against the debtor's

estate.   Joseph objects to the employment of F&M for three reasons. First, he argues that

Bankruptcy Code

§ 327(c) prohibits employment because F&M has an actual conflict of interest with the trustee as a

result of F&M's also actively representing Merrill Lynch Commercial Financial Corp. ("ML"), a

creditor in this case.   Second, he asserts that Bankruptcy Code § 327(a) prohibits employment

since F&M is not disinterested because ML's interests are materially adverse to the interests of

another class of creditors in this case, namely Joseph's, who by virtue of his proof of claim asserts

creditor status.   Third, he alleges that the trustee has failed to establish the necessity for seeking to

employ F&M as required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.   For the

1

reasons discussed below, I will overrule Joseph's objections and grant the trustee's application but with certain conditions.

Bankruptcy Code § 327(a) governs a trustee's employment of professionals and requires both that each such professional hold or represent no interest adverse to the estate and that each such professional be a disinterested person.   To be disinterested, among other things, a person may not have an interest materially adverse to the interest of the estate or any class of creditors. Bankruptcy Code § 101(14)(C).   Bankruptcy Code § 327(c) allows a trustee to employ a professional such as F&M who represents a creditor so long as no one objects or, if an objection is filed, the court finds that no actual conflict of interest exists.

In situations where Bankruptcy Code § 327(c) applies, § 327(a) does not.   Thus a creditor's attorney who seeks employment as trustee's special counsel need not show disinterestedness or the absence of an adverse interest but merely that he will have no actual conflict of interest in representing both the trustee and his creditor client. Judge Ellis in *In Re Johnson* offers useful perspective:

> It is worth noting that some courts have disagreed on whether § 327(c) is an exception to the general rule set forth in § 327(a) or is instead an additional requirement that must be met when the trustee seeks to employ an attorney that represents a creditor.   While the Fourth Circuit has not addressed or resolved this issue, the statutory language and legislative history support the conclusion reached here, namely that § 327(c) is an exception to § 327(a). *See* H.R.Rep. No. 95-595 at 328, *reprinted in* 1978 U.S.C.C.A.N. (95 Stat.) 6284 ("Subsection (c) is an additional exception [to § 327(a)]."). A focus solely on the statutory language supports this result because it is apparent that § 327(c) is a subset of the universe of situations described in § 327(a). Thus, an attorney who is disinterested and has no interest adverse to the estate *a fortiori* has no actual conflict of interest. By contrast, an attorney whose representation of both a creditor and the trustee presents no actual conflict of interest would seem nonetheless, as the creditor's attorney, to represent an interest adverse to the estate and may also not qualify as disinterested. So, it follows that by allowing a trustee to retain a creditor's attorney provided there is no actual conflict of interest, § 327(c) carves out an exception to the broad requirements of § 327(a) that is limited to creditor's attorneys. And, legislative history confirms that this is precisely what

2

Congress intended to accomplish by enacting § 327(c).   Thus, Congress amended § 327(c) in 1984 to provide "greater flexibility to the trustee in hiring a professional person...." *In re Unitcast, Inc.,* 214 B.R. at 987 (citing S.Rep. No. 65, 98th Cong., 1st Sess. 75 (1983)). Indeed, Congress had become concerned that it was becoming increasingly difficult in large bankruptcy actions for trustees to find and employ the services of a competent and experienced bankruptcy attorney who was not also representing a creditor. *See* 3 *Collier on Bankruptcy* ¶ 327.04[7][b]. Section 327(c) was intended to broaden the trustee's choices to include these attorneys provided there was no "actual conflict of interest."

*Johnson v. Richter, Miller & Finn (In re Johnson)*, 312 B.R. 810, 820-21 (E.D.Va. 2004)

(footnotes omitted).   *See also In re Penney*, 334 B.R. 517, 518 n. 1 (Bankr. D. Mass. 2005).[1]

Here, F&M actively represents ML, which holds a state court judgment against the debtor, in a hotly contested nondischargeability action being litigated before me.   Also, on January 6, 2011, Joseph commenced an action against ML in state court in which Joseph seeks damages against ML for breach of contract, breach of the covenant of good faith and fair dealing and violation of Mass. Gen. Laws ch. 93A for reasons including that ML "engineered, initiated and/or caused" the trustee to commence the adversary proceeding in which he now seeks to use F&M as his counsel. F&M is counsel to ML in the state court litigation. ML is the only creditor listed by the debtor in his schedules of liabilities filed in this case. The debtor scheduled ML's claim in the amount of $7,569,747.74 as contingent, unliquidated and disputed.   ML and Joseph have each filed proofs of claim in this case, ML in the amount of $8,373,932.27 and Joseph in the amount of $600,000.   There appear to be no other creditors although, as the estate presently lacks assets, the trustee has made no effort to encourage the filing of additional claims..

The trustee's proposed retention of F&M is on payment terms that are atypical for a

---

[1] Courts endorsing a cumulative approach to § 327(a) and (c) thereby requiring proposed counsel to touch all three bases - disinterestedness, lack of adverse interest and the absence of conflict of interest - often reach the same result as those which interpret the two sections as being mutually exclusive. *See, e.g., Bank Brussels Lambert v. Coan (In re Arochem Corp.)*, 176 F.3d 610 (2d Cir. 1999).

3

trustee's counsel.    The trustee, F&M and ML are proposing that ML pay F&M for its legal services as trustee's counsel. In the event the trustee is successful in achieving any recovery in the adversary proceeding against Joseph, the trustee will pay F&M the lesser of one third of any such recovery or F&M's standard hourly rate plus expenses and F&M will in turn refund to ML any fee payments it has received from ML for services rendered to the trustee.

But for the unusual compensation arrangement, the employment by the trustee of F&M would raise nary an eyebrow. The interests of ML and the trustee in maximizing the size of the bankruptcy estate are in total alignment. The fact that these interests conflict with those of Joseph because he is the target of the trustee's adversary proceeding does not change that result. Bankruptcy Code § 327(c) requires that no conflict of interest exist between the trustee and the creditor represented by proposed special counsel or perhaps more broadly between the interests of the bankruptcy estate generally and the creditor represented by proposed special counsel. Anyone representing a trustee in suing a creditor will have a conflict of interest with that creditor.

Joseph points to a secondary circumstance which could create an actual conflict of interest under § 327(c), namely where the employment by the trustee of a creditor's counsel affords an advantage to that creditor not available to other creditors.    *Penney*, 334 B.R. at 520 n. 2 (quoting *Johnson*, 312 B.R. at 822).. Joseph appears to be suggesting that a conflict of interest exists between Joseph and ML because each creditor seeks to maximize its recovery from the estate and this conflict should disqualify F&M from representing the trustee who should not be taking sides in this contest by preferring the interests of ML over Joseph. The underlying premise advanced by Joseph is oversimplified. A creditor's preoccupation with recovering on its claim in a bankruptcy case does not necessarily place it in conflict with other creditors. The Bankruptcy Code imposes a

4

distributive scheme that requires pro-rata payment to similarly situated creditors.   It is only

because the trustee is attempting to alter the distributive scheme by seeking to avoid and recover

certain transfers to Joseph that the trustee's special counsel could be said to be advancing the

interests of one creditor, ML, at the expense of another, Joseph. But, as stated earlier, that is the

inevitable result when a trustee sues a creditor.   This is not the type of conflict of interest to which

Bankruptcy Code § 327(c) refers. *Johnson*, 312 B.R. at 824.

Nor is there any doubt, despite Joseph's unsupported contention to the contrary, that the

trustee's employment of F&M is necessary. The trustee in his application explains:

> *"The trustee seeks to employ special counsel in order to pursue recovery of certain prepetition transfers the debtor made to Joseph T. Sarao, and possibly others (the "Transfers")."*   Trustee's application at paragraph 7.

> *"The trustee selected Jeffrey A. Novins to act as special counsel on his behalf because special counsel currently represents Merrill Lynch Commercial Finance Corp. (ML), and both attorney Novins and ML have extensive knowledge regarding the Transfers and also because the trustee believes that special counsel is well qualified to represent him in this case."*   Trustee's application at paragraph 8.

Still in all, the proposed compensation arrangement complicates matters.   Judge Myers, who

faced a similar arrangement, provides a succinct synopsis of the situation:

> The Trustees could, and should, urge Counsel to aggressively pursue whatever course the Trustees believe to be potentially fruitful in the litigation. But Counsel would have its fees and costs guaranteed by its other client, Dolsen, which might discourage particular activity if it believes the same would not be cost-effective or sufficiently productive. In short, the paymaster client has an incentive to keep the costs of legal work low, even if that has an impact on the strategic course or results of the litigation. The Trustee client, without an ultimate obligation to pay, has no such incentive, and could direct Counsel to explore litigation theories without regard to cost-benefit analysis. Counsel could potentially be torn between the two clients, creating a clear form of adversity.

*In re Lakeshore Tie & Lumber, Inc.*, 2004 WL 4960394 at *3 (Bankr. D. Idaho 2004) (footnote

omitted).

Judge Myers as well as the Ninth Circuit Bankruptcy Appellate Panel in *Com-1 Info, Inc. v. Wolkowitz* (*In re Maximus Computers, Inc.*), 278 B.R. 189 (B.A.P. 9th Cir. 2002), suggested that a more prudent approach to achieving the result sought by the parties was to direct the fee subsidizing creditor to seek court authority to bring the avoidance action itself for the benefit of the estate.   If successful, the creditor could then seek to recover its costs and attorneys' fees pursuant to Bankruptcy Code §§ 503(b)(3)(B) and (4). *Lakeshore*, 2004 WL 4960394 at *4; *Maximus Computers*, 278 B.R. at 197.   *See also Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029, 1031 (9th Cir. 1999).

Here, ML could have sought court authority to prosecute and fund the action against Joseph for the benefit of the estate, thereby sidestepping the complicated three-way employment arrangement and attendant § 327 hurdles presently under consideration, but it has chosen not to do so.   The trustee wishes to quarterback this undertaking and, frankly, that is the preferable approach.   It is true, as Judge Myers cautions, that the potential exists for ML and the trustee to part company over litigation strategy in the future as legal fees mount.   But potential conflicts of interest are not the prism through which to view the proposed engagement.   "The naked existence of a potential for conflict of interest does not render the appointment of counsel nugatory, but makes it voidable as the facts may warrant."   *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987). Bankruptcy Code § 327(c) calls for denial of a trustee's application to employ special counsel if the court finds there is an "actual" conflict of interest.   I find no actual conflict exists here and the potential for future conflict to be speculative.[2]   To help minimize that potential I will require ML to agree that it will play no role in directing litigation strategy and will defer entirely to the trustee

---

[2] In contrast to *Penny*, *supra*, where Judge Feeney found, based on the specific facts of that case, the existence of an actual conflict of interest.

as to the prosecution of the adversary proceeding against Joseph.    ML may of course retain its

standing as a party in interest to object to any motion by the trustee under Rule 9019 to

compromise any claims against Joseph although F&M must agree not to represent ML in such a

contest.    In the event the trustee objects to ML's claim, F&M must agree to represent neither

party.    Finally, I will require F&M to agree that should ML decide in the future to cease funding

F&M's legal fees in connection with the adversary proceeding against Joseph that F&M will not

seek to withdraw as trustee's counsel for that reason.

A separate order will issue.


Dated: February 1, 2011                                        By the Court,


                                                              Melvin S. Hoffman
                                                              U.S. Bankruptcy Judge